(35 Misc. Rep. 378.)

### HAGMAYER v. ARMBRUSTER et al.

(City Court of New York, General Term, June, 1901.)

ACTION AGAINST FIRM—INSTRUCTIONS.

In an action for goods alleged to have been sold to a firm of two partners, the court's charge that; if the deliveries were not paid for by a certain sum received by plaintiff from defendants, then the jury could find against both defendants, was erroneous, if plaintiff had knowledge of the dissolution of the firm before such deliveries, and such sales and deliveries were never made to one defendant who had withdrawn from the firm, nor to the firm of which he was a member.

Appeal from trial term.

Action by John E. Hagmayer against Leopold Armbruster and Henry Gunther. Judgment for plaintiff on a verdict of $174.36 against defendants as partners. The statement of account referred to in the opinion was made by the plaintiff to L. Armbruster. The plaintiff testified to certain deliveries. From a judgment and from an order denying a motion for a new trial, defendant Gunther appeals. Reversed.

Argued before CONLAN, O'DWYER, and HASCALL, JJ.

Max D. Steuer, for appellant.

Alfred Beekmann (Francis W. Russell, of counsel), for respondent.

HASCALL, J. It appears to us that the allegations of the defendants were quite fully corroborated upon the trial by the facts, exhibits, and circumstances shown by the plaintiff himself, and that the burden of proof was not sustained. The verdict was not only clearly against the weight of evidence, but it seems that the jury were misled, either by the charge of the learned court below, or by the assumption on their part that statements of account rendered to one of the defendants, in his individual name, were sufficient to carry

# 1030

71 NEW YORK SUPPLEMENT  (City Ct.
and 105 New York State Reporter

evidence of liability against both of them as partners.  The court charged:

"Now, unless they can show that the balance of $168 applies to the two deliveries, for which the plaintiff claims his charge, then you must find as I have stated.  If you find that both of these deliveries were not paid for in the payment of $768, then you can find against both of the defendants for those two deliveries."

This was manifestly not only prejudicial to the defendants, but was error in law, because, if sale and delivery were never made to Gunther, nor to the firm of which he was a member at the time, and plaintiff had knowledge of dissolution of defendants' firm, plaintiff could in no event recover.  Schwab v. Elias, 2 Civ. Proc. R. 340. Judgment and order appealed from should be reversed, and a new trial ordered, with costs and disbursements to appellant to abide the event.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.  All concur.